UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>POPULUS FINANCIAL GROUP, INC. d/b/a ACE CASH EXPRESS,<br><br>　　　　　　　Defendant. | Civil Action No. 3:22-cv-01494-K |

**JOINT REPORT**

The Court ordered this action be stayed pending the Supreme Court's ruling in *CFPB v. Community Financial Services Ass'n of Am., Ltd.*, No. 22-448. (Doc. 30, the "Stay Order"). On May 16, 2024, the Supreme Court issued its decision in that case. *See* 2024 WL 2193873 (U.S. May 16, 2024) ("*CFSA*"). The Court ordered that the parties submit a joint report "within 45 days of the conclusion of the stay." (*See* Stay Order). Plaintiff Consumer Financial Protection Bureau ("CFPB") and Defendant Populus Financial Group, Inc. d/b/a ACE Cash Express ("Populus" and, together with the CFPB, the "Parties") respectfully submit this joint report.

The Parties have met and conferred regarding a briefing schedule related to the Complaint, which would involve Populus either filing another motion to dismiss under Fed. R. Civ. P. 12(b)(1), (6), or (7) or answering. Accordingly, CFPB and Populus respectfully request that the Court enter an order memorializing the following agreed schedule for Populus's forthcoming motion or answer:[1]

---

[1] While the CFPB agrees to the proposed schedule set forth below, it does not waive its right to challenge the propriety of Populus filing a second motion to dismiss under the present circumstances.

Page 1

- July 31, 2024: Populus moves to dismiss or answers the Complaint.

- August 30, 2024: CFPB responds to Populus's motion to dismiss, if any.

- September 13, 2024: Populus files a reply in support of its motion to dismiss, if any.

I. **THE PARTIES' POSITIONS**

The Parties also met and conferred regarding the scheduling of a Rule 26(f) conference and the commencement of discovery. The Parties respectfully submit their positions on these matters.

A. **Populus's Position**

The Parties should not participate in a Rule 26(f) conference until the Court issues an order requiring them to file a joint status report, which should not occur until after Populus moves against, answers, or otherwise responds to the Complaint.

Federal Rule of Civil Procedure 16(b) requires a court to issue a scheduling order only "(a) after receiving the parties' report under Rule 26(f); or (b) after" a scheduling conference. Fed. R. Civ. P. 16(b). The case management procedures of this Court state that the Court will issue an order requiring the parties to file a joint status report "[o]nce the parties have appeared by answer or other responsive pleadings." Judge Ed Kinkeade, Judge Specific Requirements § I(C), https://www.txnd.uscourts.gov/judge/district-judge-ed-kinkeade ("Kinkeade Case Management Procedures"). "On receipt of the joint status report," the Court "will issue a scheduling order setting deadlines." *Id.*

Populus is still evaluating whether to file another motion to dismiss in light of the *CFSA* decision and per the schedule agreed to by the Parties. Accordingly, it is not yet appropriate for the parties to participate in a Rule 26(f) conference until the Court issues an order requiring a joint status report.

Page 2

B.     The CFPB's Position

The Parties should participate in a Rule 26(f) conference as soon as possible. Rule 26(f)(1) requires the parties to "confer as soon as practicable," and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Fed. R. Civ. P. 16(b). Fed. R. Civ. P. 26(f)(1). Rule 16, in turn, requires a scheduling order within the earlier of 90 days of any defendant being served or 60 days after the defendant has appeared, unless there is good cause for delay. Fed. R. Civ. P. 16(b). Since Populus appeared soon after waiving service, the deadline to hold the conference in this case was 39 days from its appearance. Excluding the time that this case was stayed, that deadline has well passed, as the case has been active since Defendant appeared for 151 days.[2] The CFPB has sought to convene the Rule 26(f) conference, but Populus has declined to participate.

This Court's case-management procedures require the parties to comply with Rule 26(f), Kinkeade Case Management Procedures §1(B), which itself establishes the deadline described above. Those procedures also contemplate the conference occurring "[o]nce the parties have appeared by answer or other responsive pleading." Kinkeade Case Management Procedures §1(C). Defendant responded to the complaint with its initial motion to dismiss on September 23, 2022, making it appropriate to hold the conference. There is nothing in this Court's rules or elsewhere that require the parties to wait to confer under the present circumstances.[3]

---

[2] Defendant first appeared on July 15, 2022. *See* ECF No. 8. The case was stayed on October 31, 2022, 108 days later. *See* ECF No. 28. Then the Supreme Court decided *CFSA* on May 16, 2024, lifting the stay 43 days ago and bringing the total number of days since Defendant appeared with the case being active to 151.

[3] To the extent Populus's position is that a motion to dismiss stays the need for the Rule 26(f) conference, that is not the case. *See, e.g., Hyde v. Kirkendall Dwyer, LLP*, No. 3:23-CV-1633-L-BN, 2024 WL 1218560, at *1 (N.D. Tex. Mar. 20, 2024) (discovery is not "automatically granted whenever a motion to dismiss is pending.") (cleaned up); *Escareno ex rel. A.E. v.*

Given the foregoing, Populus should be required to confer as soon as practicable to meaningfully discuss discovery and work on a proposed discovery plan.

---

*Lundbeck, LLC,* No. 3:14-cv-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("[N]o federal rule, statute, or binding case law applies here to automatically stay discovery pending a ruling on" defendant's motion to dismiss.").

**Page 4**

Dated: June 27, 2024

Respectfully Submitted,

*/s/ Angela C. Zambrano*

| | |
|---|---|
| Attorneys for Plaintiff, | Angela C. Zambrano<br>Texas Bar No. 24003157 |
| Consumer Financial Protection Bureau | angela.zambrano@sidley.com<br>Robert S. Velevis |
| Eric Halperin<br>*Enforcement Director* | Texas Bar No. 24047032<br>rvelevis@sidley.com<br>Barret V. Armbruster |
| Richa Dasgupta<br>*Deputy Enforcement Director* | Texas Bar No. 24102922<br>barmbruster@sidley.com<br>SIDLEY AUSTIN LLP |
| Michael Posner<br>*Assistant Litigation Deputy* | 2021 McKinney Avenue, Suite 2000<br>Dallas, Texas 75201<br>Telephone:  (214) 981-3300 |
| */s/ Gregory Nodler*<br>Gregory Nodler (*pro hac vice*) | Facsimile:   (214) 981-3400 |
| Senior Litigation Counsel<br>TX Bar No. 24053395 | Chris J. Willis (*pro hac vice*)<br>Georgia Bar No. 766297 |
| E-mail: Gregory.Nodler@cfpb.gov<br>Phone: 202-435-7671 | chris.willis@troutman.com<br>Sarah T. Reise (*pro hac vice*)<br>Georgia Bar No. 181567 |
| Tianna Baez (*pro hac vice*)<br>Senior Litigation Counsel | sarah.reise@troutman.com<br>TROUTMAN PEPPER HAMILTON |
| NY Bar No. 4808598<br>E-mail: Tianna.Baez@cfpb.gov | SANDERS LLP<br>600 Peachtree Street, N.E., Suite 3000 |
| Phone: 240-459-4390 | Atlanta, Georgia 30308<br>Telephone:  (404) 885-3000 |
| Akash Desai (*pro hac vice*)<br>Senior Litigation Counsel | Facsimile:   (404) 885-3900 |
| Georgia Bar No. 338124<br>Email: Akash.Desai@cfpb.gov<br>Phone: 681-507-1800 | *Attorneys for Defendant Populus Financial Group, Inc. d/b/a ACE Cash Express* |