UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>  Plaintiff,<br><br>  vs.<br><br>POPULUS FINANCIAL GROUP, INC. d/b/a ACE CASH EXPRESS,<br><br>  Defendant. | Civil Action No. 3:22-cv-01494-K |

**DEFENDANT POPULUS FINANCIAL GROUP, INC. d/b/a ACE CASH EXPRESS'S MOTION TO STAY AND BRIEF IN SUPPORT**

**SIDLEY AUSTIN LLP**
Angela C. Zambrano
angela.zambrano@sidley.com
Robert Velevis
rvelevis@sidley.com
Barret V. Armbruster
barmbruster@sidley.com
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:  (214) 981-3300
Facsimile:   (214) 981-3400

**TROUTMAN PEPPER LOCKE LLP**
Chris J. Willis (*pro hac vice*)
chris.willis@troutman.com
Sarah T. Reise (*pro hac vice*)
sarah.reise@troutman.com
600 Peachtree Street, N.E.
Suite 3000
Atlanta, Georgia 30308
Telephone:  (404) 885-3000
Facsimile:   (404) 885-3900

## I. PRELIMINARY STATEMENT

Defendant Populus Financial Group, Inc. d/b/a ACE Cash Express ("ACE") respectfully moves to stay all proceedings in this case in light of recent changes in leadership impacting Plaintiff Consumer Financial Protection Bureau ("CFPB," or the "Bureau"). ACE wishes to make the Court aware that these changes have resulted in a cessation of nearly all CFPB activity—including the Bureau's engagement with this case. A stay of this case is, therefore, necessary to avoid wasting the Court's and Parties' time and resources. Accordingly, ACE respectfully requests that the Court grant this Motion and stay all proceedings in the above-captioned matter until the Bureau indicates how it wishes to proceed.[1]

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

On June 27, 2024, the Court reopened this case following a stay that was lifted upon the Supreme Court's decision in *CFPB v. Community Financial Services Association of America, Ltd.*, 601 U.S. 416 (2024). Order, June 27, 2024 (ECF No. 36). In the same order reopening the case, the Court accepted the Parties' proposed schedule for briefing a new motion to dismiss. *Id.* ACE filed its motion to dismiss for failure to state a claim on July 31, 2024. Mot. Dismiss (ECF No. 37). This motion was fully-briefed and ripe for consideration on September 13, 2024. *See* Reply Mot. Dismiss (ECF No. 42). On January 22, 2025, the Court referred this motion to Magistrate Judge Brian McKay "for hearing, if necessary, and for findings and recommendation." Order, Jan. 22, 2025 (ECF No. 55).

Effective January 31, 2025, the President designated Secretary of the Treasury Scott Bessent to serve as Acting Director of the CFPB. Def. App. Ex. 1, CFPB, *Statement on Designation of Treasury Secretary Scott Bessent as Acting Director of the Consumer Financial*

---

[1] ACE has filed an Appendix in Support of this Motion ("Appendix"). The exhibits to the Appendix are referenced as ("Def. App. Ex.").

*Protection Bureau* (Feb. 3, 2025), https://shorturl.at/65QGG. Acting Director Bessent subsequently directed counsel for the Bureau to cease enforcement activities "to promote consistency with the goals of the administration." Def. App. Ex. 2, App. 003, REUTERS, *Trump's consumer watchdog freezes CFPB activity on first day of job* (Feb. 3, 2025), https://www.reuters.com/world/us/trumps-consumer-watchdog-freezes-cfpb-activity-first-day-job-2025-02-03/. This included an instruction "not to make any appearances in litigation except to seek a pause in proceedings." Def. App. Ex. 3, App. 005, REUTERS, *US consumer bureau won't defend Biden-era rules in court after chief was fired* (Feb. 3, 2025), https://www.reuters.com/business/us-consumer-bureau-wont-defend-biden-era-rules-court-after-chief-was-fired-2025-02-03/.

On February 7, 2025, the President designated Russell Vought as Acting Director of the CFPB. Def. App. Ex. 4, WALL STREET JOURNAL, *Russell Vought Taking Over as New Acting Head of CFPB* (Feb. 7, 2025), https://www.wsj.com/finance/regulation/russell-vought-taking-over-as-new-acting-head-of-cfpb-9650d338. Days later, Acting Director Vought directed CFPB employees not to "perform any work tasks." Def. App. Ex. 5, App. 009, REUTERS, *Protest erupts after US consumer watchdog boss tells staff to stop work* (Feb. 10, 2025), https://www.reuters.com/world/us/acting-cfpb-chief-tells-all-staff-cease-any-work-tasks-2025-02-10/. The duration of this stop work directive is unknown, but reportedly will last while the Acting Director implements new enforcement priorities. Whether the present matter is consistent with the CFPB's new enforcement priorities, and when that determination will be made, is also unclear.

Adding to the uncertainty related to the Bureau and the current enforcement action, on February 19, 2025, the President issued an Executive Order titled, "Ensuring Lawful Governance

And Implementing The President's 'Department Of Government Efficiency' Deregulatory Initiative. Def. App. Ex. 6, Exec. Order (Feb. 19, 2025), https://www.whitehouse.gov/presidential-actions/2025/02/ensuring-lawful-governance-and-implementing-the-presidents-department-of-government-efficiency-regulatory-initiative/. This Order directs agency heads, in coordination with the Department of Government Efficiency and the Office of Management and Budget Director, to initiate a process to review all agency regulations and rescind those deemed unconstitutional, unlawful, or overly burdensome. *Id.* This includes determining, on a case-by-case basis, whether to direct the termination of "enforcement proceedings that do not comply with the Constitution, laws, or Administration policy." *Id.* at App. 014–15.

ACE has been unable to obtain any certainty regarding the Bureau's intentions with respect to this matter. Indeed, CFPB's counsel in this case has not responded to any communications from ACE since Acting Director Vought's directive for Bureau employees to cease all work.

### III.   ARGUMENT AND AUTHORITIES

The Court should exercise its inherent discretion to issue a stay until the Bureau indicates how it wishes to proceed in this matter.

The power to stay a case "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts in this Circuit generally consider three factors in determining whether to grant a stay: "(1) the potential prejudice to the non-moving party if the stay is granted, (2) the potential hardship to the moving party if the stay is denied, and (3) judicial efficiency." *Blunt v. Prospect Mortg., LLC*, No. 3:13-CV-1595-P, 2013 WL 12129263, at *1 (N.D. Tex. Nov. 20, 2013) (Solis, J.).

As analyzed below, these factors weigh heavily in favor of granting a stay of all proceedings in this case pending the Bureau's decision to either continue litigating or dismiss this matter.

**A. A Stay Would Be Efficient for the Court and the Parties.**

A stay would strongly promote the efficient resolution of this case given the CFPB's inability to engage with this matter. There is no reason for the Court to engage in a lengthy analysis of ACE's motion to dismiss (ECF No. 37) if the CFPB decides not to pursue its enforcement action against ACE. A stay would also ensure that counsel for the Bureau can consult new leadership regarding this matter.

Courts in other jurisdictions have entered stays in cases involving the CFPB under similar circumstances. *See* Text Order, *CFPB v. Heights Finance Holding Co.*, Case No. 6:23-cv-4177 (D.S.C. Feb. 10, 2025) (ECF No. 109) (granting joint motion for temporary stay in light of CFPB administration changes); Minute Entry, *CFPB v. TransUnion*, Case No. 1:22-cv-1880 (D. Ill. Feb. 5, 2025) (ECF No. 395) (granting stay after CFPB filed a joint status report indicating that its counsel had been instructed not "to make or approve filings in any appearances in litigation except to seek a pause in proceedings").

Thus, a stay of this matter will promote judicial efficiency while also eliminating unnecessary expense and uncertainty for the parties.

**B. ACE Will Be Prejudiced if the Requested Stay Is Not Granted.**

The second factor examines potential prejudice to the movant if a stay is not granted and, again, favors ACE. Without a stay, ACE may be forced to unnecessarily expend substantial resources defending against a CFPB enforcement action that may not be pursued further. Indeed, it is currently unclear whether the CFPB will consider prosecution of this case as consistent with

its new enforcement priorities and when such a determination will be made. Without a stay of this matter, ACE could be subject to further expenses and uncertainty.

### C. The CFPB Will Not Be Prejudiced by a Stay.

The third factor examines the prejudice to the non-movant, of which there is none. As stated, a stay will only benefit the CFPB by allowing it to achieve alignment on its enforcement priorities and strategy related to forthcoming findings and a recommendation from Magistrate Judge McKay. Further, the CFPB admits that ACE has already voluntarily ceased or sought to address the purported violations alleged in the Complaint. (*See* Compl. ¶¶ 35, 38, 51, 56.) The Bureau seeks no immediate or emergency injunctive relief; it only seeks money penalties, customer redress, and unspecified permanent injunctive relief.

Accordingly, there is no harm to the CFPB in staying this matter until the Bureau provides some indication of how it wishes to proceed moving forward.

### IV. CONCLUSION AND REQUESTED RELIEF

For these reasons, ACE respectfully requests that the Court grant this motion and stay all proceedings in the above-captioned action pending the Bureau's decision to either continue litigating or dismiss this matter. ACE respectfully requests any other relief to which it is justly entitled.

Dated: February 20, 2025

                                                             Respectfully Submitted,

                                                             */s/ Angela C. Zambrano*
                                                             Angela C. Zambrano
                                                             Texas Bar No. 24003157
                                                            angela.zambrano@sidley.com
                                                           Robert Velevis
                                                           Texas Bar No. 24047032
                                                           rvelevis@sidley.com
                                                           Barret V. Armbruster
                                                           Texas Bar No. 24102922
                                                           barmbruster@sidley.com
                                                           SIDLEY AUSTIN LLP
                                                           2021 McKinney Avenue, Suite 2000
                                                           Dallas, Texas 75201
                                                           Telephone:   (214) 981-3300
                                                           Facsimile:    (214) 981-3400

                                                           Chris J. Willis (*pro hac vice*)
                                                           Georgia Bar No. 766297
                                                           chris.willis@troutman.com
                                                           Sarah T. Reise (*pro hac vice*)
                                                           Georgia Bar No. 181567
                                                           sarah.reise@troutman.com
                                                           TROUTMAN PEPPER LOCKE LLP
                                                           600 Peachtree Street, N.E.
                                                           Suite 3000
                                                           Atlanta, Georgia 30308
                                                           Telephone:   (404) 885-3000
                                                           Facsimile:    (404) 885-3900

                                                           *Attorneys for Defendant Populus Financial Group, Inc. d/b/a ACE Cash Express*

## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to contact counsel for Plaintiff Consumer Financial Protection Bureau by email on February 14 and February 15, 2025 regarding the relief requested in Populus's Motion to Stay and received no response. On February 14, 2025, I emailed the Bureau's counsel of record asking if the CFPB would oppose a motion to stay this case but received a bounce-back message instructing me to contact a different CFPB attorney, Michael Posner. On February 15, 2025, I posed this same question to Mr. Posner by email. But, to date, I have received no response from anyone at the CFPB.

/s/ Chris J. Willis
Chris J. Willis

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2025, I electronically filed the above Motion to Stay with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

/s/ Angela C. Zambrano
Angela C. Zambrano
